UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| SHERRILL, INC. | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:15-CV-346 |
| | ) | |
| TREESTUFF, INC. | ) | **DEMAND FOR JURY TRIAL** |
| | ) | |
| Defendants | ) | |

## COMPLAINT

Plaintiff Sherrill, Inc. complains as follows against TreeStuff, Inc.

## THE PARTIES

1. Plaintiff Sherrill, Inc. ("Sherrill") is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business at 200 Seneca Road, Greensboro, North Carolina, 27406.

2. On information and belief, defendant TreeStuff, Inc. ("TreeStuff") is a corporation organized and existing under the laws of the State of Indiana, with its principal place of business at 6565 Coffman Road, Indianapolis, Indiana, 46268.

## JURISDICTION AND VENUE

3. This action arises under the patent laws of the United States, 35 U.S.C. §§ 271, 281, and 283-285. Subject matter jurisdiction is conferred on this Court by 28 U.S.C. §§ 1331 and 1338. Venue is proper in this Court under 28 U.S.C. §§ 1391 and 1400.

## BACKGROUND

4. Plaintiff Sherrill is the owner by assignment of all right, title, and interest in and to United States Patent No. 5,887,577 ("the '577 Patent") entitled "Apparatus for Propelling a

Projectile," which duly and legally issued in the name of William T. Sherrill on March 30, 1999. Plaintiff Sherrill has owned the '577 Patent throughout the period of defendant TreeStuff's infringing acts and still owns the '577 Patent. A copy of the '577 Patent is attached to the Complaint as Exhibit A.

5. Upon information and belief, defendant TreeStuff manufactures, uses, offers for sale, and/or sells a Stein Tekichu Throw Weight Launcher and poles for use with it (together "Stein Tekichu Throw Weight Launcher").

6. A cease and desist letter dated November 21, 2014 ("Letter"), was sent to defendant TreeStuff. The Letter identified the '577 Patent, stated that the Stein Tekichu Throw Weight Launcher infringed upon certain claims of the '577 Patent and demanded that defendant TreeStuff cease all infringing activities. Return of service proves that TreeStuff received the Letter on or about November 24, 2014.

7. Defendant TreeStuff did not respond to the Letter.

8. Defendant TreeStuff has used, offered to sell, and/or sold, and continues to use, offer to sell, and/or sell the Stein Tekichu Throw Weight Launcher within this Judicial District that infringes one or more claims of the '577 Patent.

**PATENT INFRINGEMENT**

9. Plaintiff Sherrill re-alleges and incorporates by reference the allegations set forth in paragraphs 1-8 above.

10. By using, selling, and/or offering for sale the Stein Tekichu Throw Weight Launcher, defendant TreeStuff has directly infringed, and will continue to directly infringe, at least claim 8 of the '577 Patent under 35 U.S.C. § 271(a) literally and/or under the doctrine of equivalents.

11.     Upon information and belief, defendant TreeStuff has been aware of its infringing activities since at least November 24, 2014.  TreeStuff has sold and continues to sell and offer for sale the Stein Tekichu Throw Weight Launcher to others knowing that they will use it to directly infringe at least claim 8 of the '577 Patent.  For example, TreeStuff's website includes an advertisement showing an infringing use of the Stein Tekichu Throw Weight Launcher.  A copy of the advertisement from TreeStuff's website is attached hereto as Exhibit B.  Therefore, it is reasonable to infer that TreeStuff intended to induce infringement of at least claim 8 of the '577 Patent under 35 U.S.C. § 271(b) literally and/or under the doctrine of equivalents by selling and offering for sale the Stein Tekichu Throw Weight Launcher to others.

12.     Upon information and belief, defendant TreeStuff has sold and continues to sell and offer for sale the Stein Tekichu Throw Weight Launcher to others knowing that it has no substantial non-infringing uses and that it is material to practicing the inventions of the '577 Patent.  Moreover, TreeStuff has sold and continues to sell the Stein Tekichu Throw Weight Launcher to others knowing that others are using it to directly infringe the '577 Patent.  Thus, TreeStuff has and continues to contributorily infringe at least claim 8 of the '577 Patent under 35 U.S.C. § 271(c) literally and/or under the doctrine of equivalents.

13.     Upon information and belief, defendant TreeStuff's infringement of at least claim 8 of the '577 Patent has been and continues to be willful and deliberate.

14.     Upon information and belief, defendant TreeStuff's infringement of at least claim 8 of the '577 Patent will continue unless enjoined by this Court.

15.     As a direct and proximate consequence of defendant TreeStuff's infringement of at least claim 8 of the '577 Patent, plaintiff Sherrill has suffered and will continue to suffer irreparable

injury and damages in an amount not yet determined for which plaintiff Sherrill is entitled to relief.

## PRAYER FOR RELIEF

Wherefore, plaintiff Sherrill requests entry of judgment in its favor and against defendant TreeStuff as follows:

A.     Declare that United States Letters Patent 5,887,577 was duly and legally issued, is valid and is enforceable;

B.     Enter judgment that defendant TreeStuff has infringed at least claim 8 of the '577 Patent;

C.     Enter judgment that defendant TreeStuff has induced infringement of at least claim 8 of the '577 Patent;

D.     Enter judgment that defendant TreeStuff has contributed to infringement of at least claim 8 of the '577 Patent;

E.     Enter a preliminary and permanent injunction restraining and enjoining defendant TreeStuff and its respective officers, agents, servants, employees, attorneys, and those persons in active concert or participation with them who receive actual notice of the order by personal service or otherwise, from any further sales or use of their infringing products and any other infringement of claims of the '577 Patent, whether direct or indirect, pursuant to 35 U.S.C. § 283;

F.     For damages to compensate plaintiff Sherrill for defendant TreeStuff's infringement of the claims of the '577 Patent pursuant to 35 U.S.C. § 284;

G.     For enhanced damages pursuant to 35 U.S.C. § 284;

H.     For an award of pre-judgment and post-judgment interest and costs to plaintiff Sherrill in accordance with 35 U.S.C. § 284;

I.      Deem this to be an "exceptional" case within the meaning of 35 U.S.C. § 285, entitling plaintiff Sherrill to an award of its reasonable attorney fees, expenses and costs in this action;

J.      Grant to plaintiff Sherrill such other and further relief as the Court may deem just, proper, and equitable under the circumstances.

## DEMAND FOR JURY TRIAL

Plaintiff Sherrill respectfully demands a trial by jury on all claims and issues so triable.

Date: February 27, 2015

Respectfully submitted,

MAGINOT, MOORE & BECK, LLP

*s/ Michael A. Swift*
Michael A. Swift
One Indiana Square, Suite 2200
Indianapolis, IN 46204
(P) 317-638-2922
E-mail: maswift@maginot.com